# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ELAINE JOYCE MATRONI, individually, as personal representative of the ESTATE OF COLLEEN FULLER, Deceased, et al., | Case No. 2:10-CV-01589-KJD-PAL |
| Plaintiffs, | **ORDER** |
| v. | |
| WATSON PHARMACEUTICALS, INC., et al., | |
| Defendants. | |

Currently before the Court is Plaintiff's Motion to Remand (#9). Defendants Watson Laboratories, Inc. ("WLI-Delaware") and Watson Pharma, Inc. ("WPI-Delaware") filed a Response in Opposition (#14), to which Plaintiff's filed a Reply (#16).

**I. Procedural History**

This is an action for the wrongful death of Decedent, Colleen Fuller. Plaintiffs allege that her death was caused by a defective 50 mcg/hour fentanyl patch. (Pls.' Compl. ¶¶ 10, 18.) The medical examiner determined that the cause of Decedent's death was "fentanyl toxicity." (Pls.' Compl. ¶ 18.) Plaintiff Elaine Joyce Matroni, an individual and citizen of Florida, and Plaintiffs Howard Fuller and Donnayn Wasano, individuals and citizens of Nevada, brought suit against four Watson

Pharmaceuticals entities: Watson Pharmaceuticals, Inc., a citizen of Nevada with its principal place of business in Corona, CA ("WPI-Nevada"); Watson Laboratories, Inc., a citizen of Nevada ("WLI-Nevada"); Watson Laboratories, Inc., a citizen of Delaware ("WLI-Delaware"); and Watson Pharma, Inc., a citizen of Delaware ("WPI-Delware").  Plaintiffs filed an action in Nevada state court, alleging strict products liability, negligence in design, manufacture, marketing, testing, and sale of the fentanyl patches, negligent misrepresentation, and breach of warranty.  Plaintiffs allege that Defendants designed, marketed, manufactured, sold, and/or supplied the patches that were used by Decedent. (Pls.' Compl. ¶ 20.)  Plaintiffs further allege that the patch worn by Decedent was in defective condition at the time that it left Defendants' possession. (Pls.' Compl. ¶ 20.)  Defendant WPI-Nevada is the direct or indirect parent company of WLI-Nevada, WPI-Delaware, and WLI-Delaware.

       Defendants WPI-Delaware and WLI-Delaware (collectively, "Delaware Defendants") filed a Petition for Removal (#1) on September 16, 2010, on the grounds of diversity jurisdiction.  Despite apparent lack of diversity, Defendants claim that removal was proper under 28 U.S.C. §§ 1332, 1441(a), and 1446 because Defendants WPI-Nevada and WLI-Nevada (collectively, "Nevada Defendants") were fraudulently joined solely for the purpose of defeating diversity.  Delaware Defendants allege that since Nevada Defendants were not involved in the design, manufacture, marketing, or distribution of any fentanyl patches, Plaintiffs have no possibility of recovering from Nevada Defendants under any of the alleged theories, and thereby failed to state a cause of action against Nevada Defendants.  On October 15, 2010, Plaintiffs moved to remand the action to state court.

       In their Motion to Remand (#9), Plaintiffs argue that removal was improper because this Court lacks jurisdiction.  Plaintiffs allege that diversity jurisdiction cannot be established because Plaintiffs and Nevada Defendants are all Nevada citizens.  Plaintiffs contend that Nevada Defendants destroy diversity because they were not fraudulently joined, since it is allegedly within the reach of the theories of strict liability as a marketer, distributor, or manufacturer of the patch at issue.

On the face of Plaintiff's Complaint, this Court lacks jurisdiction based on diversity citizenship. Plaintiff's have undoubtably joined non-diverse defendants (Nevada Defendants) in the action, asserting a strict product liability claim. But Delaware Defendants oppose remand, arguing that Nevada Defendants were fraudulently joined and their citizenship has no effect on diversity. The Court disagrees.

**II. Legal Standard for Motion to Remand**

Defendants may remove a suit from a state court to federal court only if it could have been filed there originally. See 28 U.S.C. § 1441(a) (2010); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, and where complete diversity exists between the parties. 28 U.S.C. § 1332(a). A corporation is deemed to be citizens of both the state that it is incorporated and the state where it has its principal place of business. § 1332(c). The citizenship of defendants sued under fictitious names is disregarded for purposes of removal. § 1441(a).

If a defendant has been "fraudulently joined," that defendant's citizenship is ignored when determining diversity and removability. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); see Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) ("it is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds"). A party is fraudulently joined "[i]f a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state." Morris, 236 F.3d at 1067 (citations omitted); Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 993 (D. Nev. 2005). In other words, "a plaintiff need only have one potentially valid claim against a non-diverse defendant" to establish that there has been no fraudulent joinder. Id.

Fraudulent joinder claims are reviewed on a standard similar to or more lenient than the 12(b)(6) motion. Id. at 996 (citing Sessions v. Chrysler Corp., 517 F.2d 759, 761 (9th Cir. 1975)). Although the courts generally look only to a plaintiff's pleadings to determine whether a cause of action is stated, "where fraudulent joinder is an issue, . . . [a] defendant seeking removal is entitled to

present the facts showing why the joinder is fraudulent." Id. at 993; Ritchey, 139 F.3d at 1318 (citations omitted). Thus, the Court may "pierce the pleadings" and consider "summary judgment-type evidence presented by the defendant" to make a factual determination. Morris, 236 F.3d at 1068 (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995)). But "district courts must not 'pre-try' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent." B., Inc v. Miller Brewing Co., 663 F.2d 545, 546 (5th Cir. 1981). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package System, Inc., 141 F.Supp.2d 1005, 1008 (N.D.Cal.2001) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n. 3 (9th Cir.1990) and Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988).

**III. Analysis**

"The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court ..." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir.1983) (citations omitted); see also Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir.1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham ... and is not fraudulent in fact or in law.") (citations and internal quotation marks omitted); Good v. Prudential Ins. Co. of Am., 5 F.Supp.2d 804, 807 (N.D.Cal.1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.") (citing Dodson 951 F.2d at 42). Adherence to this high standard, requires courts to "resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case." Suarez v. American Airlines, Inc., 2009 WL 1657444, 2 (C.D.Cal. 2009). (citing Dodson, 951 F.2d at 42).

4

Under established Nevada law, to prevail on a strict product liability claim the plaintiff must prove that the defendant in question manufactured, sold, or distributed the defective product. See Allison v. Merck & Co., Inc., 878 P.2d 948, 952 (Nev. 1994). Delaware Defendants claim that Plaintiffs have no viable claims against either Nevada Defendant. Specifically, Delaware Defendants contend that no strict product liability claim can be proved against Corona-based Defendant WLI-Nevada because that entity does not manufacture fentanyl patches. Delaware Defendants instead allege that the Watson Laboratories based out of Utah is the subsidiary that actually manufactures fentanyl patches.

However, Plaintiffs present evidence suggesting that WLI-Nevada was in fact involved in the manufacturing of the fentanyl patches. Plaintiffs provide the Court with a copy of the "Full Prescribing Information" that accompanies every box of 75 mcg/hr fentanyl patches obtained from Watson Pharmaceuticals' website that states the patches are "Manufactured by: Watson Laboratories, Inc., Corona, CA 92880 USA." Dec. of Charles W. Miller in Sup. of Mot. for Remand, Exh. 1. Defendant WLI-Nevada is the only Watson Laboratories located in Corona, California. Plaintiffs also provide a snapshot from Watson Pharmaceuticals' website of the packaging of a 50 mcg/hr fentanyl patch that includes the text "Watson Laboratories, Inc. Corona, CA 92880 USA." Dec. of Charles W. Miller in Sup. of Mot. for Remand, Exh. 2. Viewed in the light most favorable to Plaintiffs, this evidence suggests that WLI-Nevada participates in the manufacturing of fentanyl patches. In considering the strong presumption against finding fraudulent joinder, the Court concludes that there is a possibility Plaintiffs could recover from non-diverse Defendant WLI-Nevada. WLI-Nevada's citizenship cannot be ignored for purposes of removal and this Court lacks jurisdiction based on diversity of citizenship. Since Plaintiffs have one potentially valid claim against a non-diverse defendant, the remaining claims and defenses put forth by Plaintiffs and Defendants need not be analyzed for purposes of remand.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#9) is **GRANTED**.

Dated this 15th day of June, 2011.

_____
Kent J. Dawson
United States District Judge